**Robert P. SELF, Alton L. Self, and J. C. Self, as Administrators of the Estate of Rocked Plato Self, Deceased, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 759-E.**

United States District Court
M. D. Alabama, E. D.

Oct. 10, 1968.

L. Lister Hill, Capell, Howard, Knabe & Cobbs, Montgomery, Ala., for plaintiffs.

Ben Hardeman, U. S. Atty., Montgomery, Ala., Mitchell Rogovin, Asst. Atty. Gen., Washington, D. C., and Hubert M. Doster and Charles M. Merkel, Jr., Attys., Tax Division, Department of Justice, Washington, D. C., for defendant.

## ORDER

FRANK M. JOHNSON, Jr., District Judge.

This is an action seeking a refund of estate taxes. It is agreed that this Court has jurisdiction pursuant to 28 U.S.C. § 1346(a). It has been further agreed that this cause be submitted on the pleadings, Plaintiffs' Request for Admissions and the Answers of Defendant thereto, and the Stipulation of the parties. This Court has also had the benefit of supporting briefs and oral arguments.

The decedent, Rocked Plato Self, died intestate August 23, 1962, leaving a widow and four adult children surviving. He left an estate valued at $496,126.33, consisting of both real and personal property. At the date of the decedent's death, the widow owned no realty but did have a separate estate in personalty, a savings account in the amount of $22,928. Under Alabama law, the widow was entitled to a distributive share of the personalty which when added to her separate estate, would equal one-fifth of the personalty remaining after the payments of debts and charges against the estate. The widow was entitled to receive, before allowance for federal estate taxes, personal property having a total value of $57,026.01.

Before determining the effect of the estate tax on the widow's intestate share of personalty and computing the net marital deduction, the amount of estate tax was tentatively computed at $114,329.17. The Government charged one-fifth or $22,865.83 of this amount against the $57,026.01 of personal property previously computed to be due the widow, leaving a net marital deduction of $34,160.18 allowed by the Government. As a result of the above computation and other adjustments which are not at issue here, a deficiency of $29,375.60 was assessed by the District Director of Internal Revenue and paid by the plaintiffs. Following payment of the deficiency, plaintiffs filed a timely claim for refund in the amount of $2,968.88, with interest thereon, which claim was disallowed.

The question presented for decision is whether the Government properly computed the marital deduction by deducting from the widow's share one-fifth of the estate taxes assessed against the estate of the decedent. There is no dispute about the total amount of tax; at issue is only who should bear the burden of paying it. It is admitted that the ultimate burden of estate tax payment is a matter left to state law. Riggs v. Del Drago, 317 U.S. 95, 63 S.Ct. 109, 87 L.Ed. 106.

Plaintiffs contend that assets which pass directly to the widow by virtue of

contractual agreement and which are thus outside the probate estate are not responsible for a proportionate part of the estate tax burden. In essence, plaintiffs ask this Court by judicial fiat to create an apportionment statute for Alabama, something the Alabama legislature has not seen fit to do. Although conceding that the assets in question are part of the gross estate for tax purposes, plaintiffs ask that a special exemption be created for the widow. Since what is not paid by the widow must be paid by the children and other legatees or devisees, this Court is clear to the conclusion that such a decision must be made clearly and explicitly by the Alabama legislature.

Accordingly, it is the order, judgment and decree of this Court that the plaintiffs are not entitled to a refund of estate taxes paid; it is further ordered that a judgment be and the same is hereby entered for defendant.

It is further ordered that the costs incurred in this proceeding be and the same are hereby taxed against the plaintiffs, for which execution may issue.